UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CHARLES ROBERT STOUT**　　　　　　**CASE NO. 6:22-CV-06036**

**VERSUS**　　　　　　　　　　　　　　**JUDGE TERRY A. DOUGHTY**

**SMITH INTERNATIONAL INC ET AL**　**MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court are the following:

- Motion to Dismiss pursuant to Rule 12(b)(6) by Defendant, Smith International, Inc. (Rec. Doc. 12); Plaintiff opposed (Rec. Doc. 25); and Smith International replied (Rec. Doc. 30).

- Motion to Dismiss pursuant to Rule 12(b)(6) by Defendants, Nicole Martin and Amy O'Connor (Rec. Doc. 13); Plaintiff opposed (Rec. Doc. 26); and Defendants replied (Rec. Doc. 32).

The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that both motions be granted.

## Factual Background

Plaintiff, Charles Stout, filed this suit for long-term disability benefits as a beneficiary of an ERISA plan issued by Metropolitan Life Insurance ("MetLife") and sponsored by Plaintiff's employer, Smith International. (Rec. Doc. 1). Plaintiff

alleges that he was awarded long-term benefits under the plan due to cardiac issues which made him unable to perform his job, but that MetLife subsequently terminated benefits in February 2014, then reinstated benefits and paid arrearages, then again terminated benefits in September 2021. (Rec. Doc. 1, ¶10-22). Plaintiff administratively appealed the second termination of benefits. (Rec. Doc. 1, ¶23-24). After denial of his appeal, he filed this suit against MetLife, Smith International, Nicole Martin (a MetLife representative who allegedly advised Plaintiff of his second termination of benefits in September 2021), and Amy O'Conner (a MetLife representative who allegedly denied Plaintiff's appeal of the second termination). He asserts the following causes of action: 1) to recover benefits, enforce his rights, and/or clarify his rights to future benefits under the plan pursuant to 29 U.S.C. §1132(a)(1)(B) (First, Second, and Third Causes of Action, Rec. Doc. 1, ¶72-91); 2) to recover judicial interest costs, and attorneys' fees pursuant to 29 U.S.C. §1132(g) (Fourth Cause of Action, Rec. Doc. 1, ¶92); 3) breach of fiduciary duties against Smith International (Fifth Cause of Action, Rec. Doc. 1, ¶93-95); and 4) for declaratory judgment regarding payment of benefits (Sixth Cause of Action, Rec. Doc. 1, ¶96). Smith International now seeks to dismiss Plaintiff's claims for breach of fiduciary duties, and the individual defendants, MetLife representatives Martin and O'Connor, seek to dismiss Plaintiff's claims against them.

## Law and Analysis

**I.   Law applicable to Rule 12(b)(6) motions to dismiss.**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555

(quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). Thus, the Court shall consider the allegations in the Complaint as well as the MetLife policy attached to Defendants' motions as it is sufficiently referenced in the complaint and central to Plaintiff's claims.

## II. **Whether Plaintiff stated a claim for breach of fiduciary duties.**

"Congress enacted ERISA to 'protect ... the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid [e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542

4

U.S. 200, 208 (2004), quoting 29 U.S.C. § 1001(b). Plaintiff broadly alleged that Smith International breached fiduciary duties to interpret the plan and "enforce the terms of the Plan to the detriment of Stout." (Rec. Doc. 1, ¶94-95). ERISA authorizes a plan beneficiary to bring the following claims, as pertinent to this case:

(1) by a participant or beneficiary—

…

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title [for breach of fiduciary duties];

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. §1132(a).

While §1132(a)(2) explicitly authorizes a beneficiary's claims for breach of fiduciary duties, the Supreme Court in *Varity Corp. v. Howe* held that a beneficiary may bring breach of fiduciary duties claims for equitable relief under (a)(3). "[T]hat relief under § 1132(a)(3) generally is unavailable when a plaintiff may seek monetary relief under § 1132(a)(1)(B)." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018), citing *Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017).

5

Breach of fiduciary duty claims must be distinguished from claims for benefits, which are often disguised as breach of fiduciary duty claims. "[A]lthough benefits claims require administrative exhaustion, fiduciary claims do *not.*" *Galvan v. SBC Pension Benefit Plan*, 204 F. App'x 335, 339 (5th Cir. 2006) (Emphasis in original.). "[T]he exhaustion requirement [also] applies to fiduciary claims that are [] *disguised benefits claims,* not to true breach-of-fiduciary-duty claims." *Id.* citing *Simmons v. Willcox,* 911 F.2d 1077, 1081 (5th Cir.1990) (Emphasis in original.). The court in *Haydel v. Dow Chem. Co*. described the distinction between claims against fiduciaries and claims for benefits as follows:

> Fiduciary claims amount to benefits claims when resolution of the claims rests upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and application of ERISA. *Galvan v. SBC Pension Benefit Plan*, 204 Fed. Appx. 335, 339 (5th Cir. 2006). A plaintiff that prevails on a fiduciary claim cannot recover benefits due only to *that plaintiff*; recovery on fiduciary claims must provide relief to the entire plan. *Total Plan Servs., Inc. v. Tex. Retailers Ass'n*, 932 F.2d 357, 358 (5th Cir. 1991); *Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 863 (7th Cir. 1997) ("Any recovery under [29 U.S.C. § 1132(a)(2)] for breach of fiduciary duty must go to the plan as a whole rather than to individual beneficiaries.").
>
> Thus it is clear that a plaintiff cannot recover in her individual capacity as a plan participant under 29 U.S.C. § 1109, and its remedial provision, 29 U.S.C. § 1132(a)(2). Those sections provide relief only for a plan and not for individual participants. Therefore if a fiduciary breaches its duty, it owes the plan reimbursement, but it does not owe the individual participants any recovery. *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140-44 (1985); *see McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 237 (5th Cir. 1997). Accordingly, an individual has no private right of action for breach of fiduciary duty under ERISA. *See Mass. Mutual Life Ins.*, 473 U.S. at 144; *Weiner v.*

> *Klais & Co., Inc.*, 108 F.3d 86, 92 (6th Cir. 1997). The statutory provision explicitly authorizing a beneficiary to bring an action to enforce her rights under an ERISA plan is 29 U.S.C. § 1132(a)(1)(B). This section provides relief for a denial of benefits *to an individual participant.*

*Haydel v. Dow Chem. Co.,* No. CV 07-71-JJB, 2007 WL 9706565, at *2–3 (M.D. La. July 19, 2007) (Emphases in original).

In *Haydel* the court considered whether Plaintiff had stated a claim for breach of fiduciary duties which could proceed as a civil action under 29 U.S.C. §1132(a), rather than a claim for benefits owed under the plan, in which case exhaustion of administrative remedies was required. In holding that the plaintiff had failed to state a claim for breach of fiduciary duties, the court reasoned as follows:

> Although Plaintiff asserts that Defendants have breached their fiduciary duty, her fiduciary claim is in truth a denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B). For example, Plaintiff claims that Defendants failed to pay amounts "owed to *petitioner*" pursuant to an ERISA plan. In paragraph six, Plaintiff claims that the benefits under the ERISA plan were "owed and despite the court's order, *petitioner* never received said sum...." In paragraph eight, Plaintiff avers that "[p]etitioner brings this civil action as an enforcement of *her rights* under 29 U.S.C. § 1132(a) as a *beneficiary* to recover for Defendants' breach of fiduciary duty...." Finally, in paragraph nine, Plaintiff alleges that "*[p]etitioner* was deprived of *her right* to earn interest on the full [amount of benefits] due" under the ERISA plan.
>
> Plaintiff's allegations are telling. She is asserting an individual right to benefits under an ERISA plan. Recovery in this manner cannot be sought under a fiduciary duty claim. There is no averment that the plan as a whole was injured. As discussed *supra*, this is the essential allegation necessary to state a fiduciary duty claim.

*Haydel,* 07 WL 9706565 at *3.  See also *McCall v. Burlington N./Santa Fe Co.,* 237 F.3d 506, 512 (5th Cir.2000). ("When a beneficiary wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § [1132](a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to § [1132](a)(3).")

Plaintiff did not specify whether his fiduciary-related claims are brought pursuant to §1132(a)(2) or (a)(3); although, Plaintiff indicated in opposition that his claims were not pled under (a)(3). (Rec. Doc. 25, p. 15). The Complaint broadly alleges breach of fiduciary duties without specifically alleging facts which constitute alleged breaches as defined by §1109, such that he failed to state a claim under (a)(2). (Rec. Doc. 1, ¶94-95). Likewise, where Plaintiff has otherwise stated claims for benefits under the plan pursuant to (a)(1)(B), any purported claims under (a)(3) fail as a matter of law. The Court finds that Plaintiff's purported fiduciary duty claims are actually claims for benefits. He alleges Smith International "failed to enforce the terms of the Plan to the detriment of Stout." (Rec. Doc. 1, ¶95). Although he alleges that Smith International abandoned its fiduciary duties to "Stout and other similarly situated Plan participants," such conclusory allegations are insufficient to state a claim under either §1132(a)(2) or (a)(3). In opposition, Plaintiff further relies on the Plan's following statement:

> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have

>discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

(Rec. Doc. 13-2, p. 55).

Using this statement, Plaintiff argues that Smith, as the Plan Administrator, renders disability determinations after MetLife's initial eligibility and appeal determinations. The Court disagrees with Plaintiff's interpretation of the Plan language and finds no ambiguities. The Plan provides that Smith, as the Plan Administrator, has discretionary authority to determine its employees' eligibility and entitlement to Plan benefits. MetLife is explicitly responsible for claims determinations. (See Rec. Doc. 13-2, p. 54-56). In any event, Plaintiff failed to allege facts showing that Smith exercised its discretionary authority improperly or breached any particular fiduciary duty in doing so. Thus, the Court finds that Plaintiff failed to state a claim for breach of fiduciary duties and that such claims should be dismissed.

### III. **Whether Plaintiff stated claims against Martin and O'Connor.**

Plaintiff asserts claims against MetLife claims specialist Nicole Martin based on her September 3, 2021 correspondence regarding the decision to terminate benefits. (Rec. Doc. 1, ¶21; 41-48; 77; 81-84). He asserts claims against MetLife appeal specialist Amy O'Conner based on her February 11, 2022 denial of his

9

appeal. (Rec. Doc. 1, ¶50-66; 77; 86-91). Martin and O'Conner rely on the language in the MetLife policy, which identifies Smith International, Inc. as the policy holder and MetLife as the insurer. The Plan states that MetLife is liable for benefits under the plan and that MetLife—not Martin or O'Conner—is obligated to comply with obligations such as reviewing claims and making claim and appeal determinations. (Rec. Doc. 13-2, p. 32-55).

The Plan defines "We, Us and Our" as MetLife, and "You" as the employee insured under the Smith International Group policy. (Rec. Doc. 13-2, p. 25). The Plan identifies the employer/plan administrator as Smith International and states that "MetLife if liable for any benefits under the Plan." (Rec. Doc. 13-2, p. 53). The Plan clearly delineates the claims process: Claims are submitted to MetLife on the appropriate forms with supporting documentation. MetLife reviews the claim and determines whether to approve or deny the claim within a specified timeframe. The claimant may appeal the decision to MetLife in accordance with specified appeal procedures set forth in the Plan. (Rec. Doc. 13-2, p. 54-55).

Martin and O'Conner, MetLife representatives, are not parties to the insurance contract. Plaintiff did not allege any theory whereby the individual non-parties could conceivably face liability. "'[T]raditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary

10

theories, waiver and estoppel[.]'" *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009). However, Plaintiff failed to support a claim under any of these theories.

Further, the Fifth Circuit has established that proper defendants in ERISA actions are the Plan, an employer in its role as Plan administrator or sponsor tasked with the decision to deny benefits, and/or any other party who controls administration of the Plan or takes on responsibilities of the administrator. *Musmeci v. Schwegmann Giant Super Markets, Inc.,* 332 F.3d 339, 349–50 (5th Cir.2003); *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013). Plaintiff's allegations and the Plan documents do not impose any of these roles upon Martin or O'Conner. The Court is unpersuaded by Plaintiff's attempt to impose liability upon these individuals based on letters from them regarding denial of his claim and purporting to take on responsibility as the Plan Administrator. (Rec. Doc. 26, p. 18-26). As discussed above, Plaintiff seeks an award of benefits from MetLife. Plaintiff cannot recover benefits from Martin or O'Conner. Accordingly, the Court finds that Plaintiff failed to state claims against these individual defendants.

## Conclusion

For the reasons discussed herein, the Court recommends that Smith International, Inc.'s Motion to Dismiss (Rec. Doc. 12) be GRANTED and that Nicole Martin and Amy O'Conner's Motion to Dismiss (Rec. Doc. 13) be

GRANTED. Plaintiff's claims for breach of fiduciary duties and all claims against Martin and O'Conner should be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 29th day of March, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE