**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CHARLES ROBERT STOUT** | **CASE NO. 6:22-CV-06036** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SMITH INTERNATIONAL INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# MEMORANDUM RULING

Pending before the Court is Metropolitan Life Insurance Company and Smith International, Inc.'s Motion for Partial Summary Judgment [Doc. No. 40] filed by Metropolitan Life Insurance Company ("MetLife") and Smith International, Inc. ("Smith") (collectively, "Defendants"), and a Motion for Summary and/or Declaratory Judgment by Charles Stout [Doc. No. 49] filed by Plaintiff, Charles Robert Stout ("Plaintiff" or "Stout"). Plaintiff opposes Defendants' motion [Doc. No. 48], and Defendants replied to this opposition [Doc. No. 50]. Defendants oppose Plaintiff's motion [Doc. No. 52], and Plaintiff has replied to this opposition [Doc. No. 53].

For the reasons set forth herein, Defendants' motion is **GRANTED.** Plaintiff's motion is **DENIED** in its entirety.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from a termination of Stout's long-term disability benefits under an employee benefit welfare plan ("LTD Plan").[1] Smith established the LTD Plan to provide eligible employees with long-term disability benefits.[2] Smith also established a short-term disability benefits plan ("STD Plan") for eligible employees.[3] Benefits under both plans extended to

[1] [Doc. No. 40-2, p. 1].
[2] [Doc. No. 40-1, ¶ 1].
[3] [Doc. No. 40-1, ¶ 1].

employees of its subsidiary companies.[4] Pathfinder, Inc., a subsidiary of Smith, employed Stout.[5] Stout participated in both the STD and LTD Plans.[6]

After receiving twenty-six (26) weeks of payments under the STD Plan, Stout became eligible for long-term disability benefits under the LTD Plan.[7] Stout received long-term disability benefits from March 22, 2012, to January 29, 2014.[8] On February 21, 2014, MetLife terminated Stout's long-term disability benefits.[9] Stout appealed this termination pursuant to the procedures outlined in the LTD Plan, and MetLife ultimately reinstated his long-term disability benefits.[10] On September 3, 2021, MetLife informed Stout that it had terminated his long-term disability benefits.[11]

On November 21, 2022, Plaintiff filed suit. This Court entered a Civil Case Management Order [Doc. No. 35] on May 18, 2023, requiring the parties to file a joint stipulation, statement, or motion for summary judgment or other dispositive motion to address several issues. These issues were (1) "whether ERISA governs the employee benefit plan at issue," (2) "whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan," and (3) "whether ERISA preempts all state law claims related to the employee benefit plan at issue."[12]

Pursuant to this Civil Case Management Order, Defendants filed the motion for partial summary judgment [Doc. No. 40] now pending before the Court.[13] Defendants aver that ERISA

---

[4] [Doc. No. 40-1, ¶ 1].
[5] [Doc. No. 40-1, ¶ 2-3].
[6] [Doc. No. 40-1, ¶ 4]; [Doc. No. 49-1, ¶ 1, 11].
[7] [Doc. No. 49-1, ¶ 14].
[8] [Doc. No. 49-1, ¶ 14].
[9] [Doc. No. 49-1, ¶ 21].
[10] [Doc. No. 49-1, ¶ 22-23].
[11] [Doc. No. 49-1, ¶ 30].
[12] [Doc. No. 35].
[13] [Doc. No. 40].

governs the employee benefit plan, that ERISA would accordingly preempt any state law claims pleaded by Plaintiff, and that MetLife had discretionary authority.[14] Plaintiff then filed Plaintiff's Statement in Response to Civil Case Management Order (Doc. 35) in Compliance with Section B, Subsection 1, Paragraphs (a)-(c) [Doc. No. 42] in which he stated that ERISA governs the LTD Plan, and that Plaintiff has not pleaded any state law claims. The parties thus agree ERISA governs the LTD Plan. Further, Plaintiff has not pled any state law claims, so potential preemption of claims is not an issue. Those portions of Defendants' motion are thus moot, and the Court will not address those issues. The only remaining issue before the Court is whether MetLife had discretionary authority.

Both Plaintiff and Defendants submitted a motion for summary judgment on this issue. Defendants' motion asks the Court to determine this issue, not to grant judgment in its favor entirely. Plaintiff's motion for summary judgment requests the Court grant summary judgment and reinstate his benefits. Similarly, Stout's motion for declaratory judgment asks the Court to declare that MetLife did not have discretionary authority to terminate his benefits. Because both parts of this motion are based on MetLife's purported lack of discretionary authority, the Court's ruling will focus only on that issue. This order thus does not discuss the merits of the underlying denial or Stout's right to benefits – it examines only whether MetLife had discretionary authority.

The issues are briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.

[14] [Doc. No. 40].

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* Fed. R. Civ. P. 56(c)(1). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Id*. at 249. A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

Two cross motions for summary judgment are before the court. Accordingly, the Court will address these motions separately to determine whether the respective parties met their burden under the summary judgment standard. As explained above, the issue before the Court in both motions for summary judgment is whether MetLife had discretionary authority to terminate Stout's long-term disability benefits. Whether an entity had discretionary authority ultimately determines the standard of review for the Court when reviewing the claim denial. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) (providing for a more deferential standard of review where a

benefits plan grants a fiduciary with discretionary authority). *See also High v. E-Systems, Inc.*, 459 F.3d 573, 576 (5th Cir. 2006) (holding that "when … the language of the Plan grants discretion to an administrator to interpret the Plan and determine eligibility for benefits, a Court will reverse an administrator's decision only for abuse of discretion").

The LTD Plan provides that: "In carrying out their respective responsibilities under the Plan, the Plan Administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan."[15] Therefore, MetLife would only have discretionary authority if (1) it is a plan fiduciary and (2) it carried out its fiduciary responsibilities in accordance with the plan's terms. Accordingly, the Court finds these are the facts on which the parties must demonstrate no genuine dispute exists.

**i. Defendants' Motion for Summary Judgment**

Defendants' motion for summary judgment urges this Court to find that MetLife had discretionary authority. As discussed below, the Court agrees that MetLife had discretionary authority under the LTD Plan to terminate Stout's long-term disability benefits such that Defendants are entitled to summary judgment on this issue.

ERISA provides that a person or entity is a plan fiduciary in the following circumstances:

> A person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

[15] [Doc. 40-3, p. SPD-055].

29 U.S.C. §1002(21)(a). An entity or person need only fall under one category to be considered a fiduciary. *Reich v. Lancaster*, 55 F.3d 1034, 1046 (5th Cir. 1995) (stating that "[b]ecause 1002(21)(A) establishes a disjunctive test … we need only determine whether the district court correctly tethered fiduciary status to any one of the subsections"). Further, this statute "provides that not only the persons named as fiduciaries by a benefit plan … but also anyone else who exercises discretionary control or authority over the plan's management, administration, or assets … is an ERISA 'fiduciary.'" *Mertens v. Hewitt Assocs*., 508 U.S. 248, 251 (1993). In other words, "[t]he term fiduciary includes those to whom some discretionary authority has been delegated." *Am. Fed'n of Unions Loc. 102 Health & Welfare Fund v. Equitable Life Assur. Soc. of the U.S.*, 841 F.2d 658, 663 (5th Cir. 1988). The existence of a fiduciary relationship under ERISA is a mixed question of law and fact. *Kramer v. Smith Barney*, 80 F.3d 1080, 1083 n. 3 (5th Cir. 1996). *See also Reich*, 55 F.3d at 1044. The Court's task, then, is to determine whether Defendants have shown a lack of genuine dispute as to any material fact on this issue. Ultimately, the Court finds that a review of the plan demonstrates MetLife exercised significant authority over the LTD Plan such that no genuine dispute exists as to whether MetLife was a fiduciary generally.

Defendants principally rely on the language in the LTD Plan to advance their argument that MetLife is a fiduciary since MetLife's duties and obligations echo the duties of entities previously found by courts in this circuit to constitute fiduciary activities. In *Reich*, the court found that an entity was a fiduciary where it "had the authority and obligation to investigate, process, and approve claims, compute and determine benefits, maintain claim files, and draw checks on an account to pay plan benefits." *Reich*, 55 F.3d at 1047. Similarly, a court found that an entity was a fiduciary under § 1002(21)(A) where they had the authority to grant and deny claims, manage, and disburse assets, and maintain claim files. *Am. Fed'n of Unions Loc. 102 Health & Welfare Fund*,

841 F.2d 658. Further, the Fifth Circuit has found that an insurer was a fiduciary under a plan that involved language identical to that in the plan at issue here. *Baker v. Metro. Life Ins. Co*., 364 F.3d 624, 629 (5th Cir. 2004). In *Baker*, the plan provided that "[i]n carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to … determine eligibility … in accordance with the terms of the Plan." *Id*. The court stated in a footnote that this language clearly indicated the insurer was a fiduciary. *Id*. at 630, n. 12.

The LTD Plan in this case vests MetLife with authority to deny or approve submitted claims,[16] conduct an appeal of an initial determination,[17] and verify a claimant's continuing disability.[18] These responsibilities mirror those of the entities in both *Reich* and *American Federation of Unions* in which the courts found the entities were fiduciaries under ERISA. Because MetLife has authority to carry out these tasks, the Court finds that Defendants met their burden of showing no genuine dispute exists as to whether MetLife is a fiduciary under the LTD Plan.

The burden thus shifts to the non-movant, Stout, to demonstrate the existence of a genuine dispute of material fact such that the movants are not entitled to judgment as a matter of law on this issue. Stout has not met that burden here as it pertains to whether MetLife is a fiduciary generally under the LTD Plan. Stout briefly argues that a finding that MetLife is a plan fiduciary is "contrary to the terms of the actual Plan" because the LTD Plan does not specifically name MetLife as a fiduciary.[19] However, an entity's formal title is not dispositive as to whether that entity is a fiduciary. *See Musmeci v. Schwegmann Giant Super Markets, Inc*., 332 F.3d 339, 351

[16] "After you submit a claim for disability benefits to MetLife, MetLife will review your claim and notify you of its decision to approve or deny your claim." [Doc. 40-3, p. 54].
[17] "You must submit your appeal to MetLife. … MetLife will conduct a full and fair review of your claim. … MetLife will notify you in writing of its final decision." [Doc. 40-3, p. 55].
[18] "To verify that You continue to be Disabled without interruption, We may periodically request that You send Us Proof that You continue to be Disabled." [Doc. 40-3, p. 32].
[19] [Doc. No. 48, p. 23].

(5th Cir. 2003) (stating that a fiduciary is defined not only by their "particular titles, … but also by considering the authority which a particular person has or exercises over an employee benefit plan'") (quoting *Donovan v. Mercer*, 747 F.2d 304, 308 (5th Cir.1984)). As discussed above, MetLife's duties and obligations under the LTD Plan have been previously found to constitute fiduciary functions. Accordingly, Stout has not demonstrated a genuine dispute exists as to MetLife's fiduciary status under the LTD Plan.

Having found that no genuine dispute exists as to whether MetLife is a fiduciary generally under the terms of the LTD Plan, the Court now turns to whether MetLife had discretionary authority to terminate Stout's long-term disability benefits. As explained below, the Court ultimately finds that Defendants are entitled to summary judgment on this issue.

An entity is "a fiduciary only with respect to those portions of a plan over which he exercises discretionary authority or control." *Am. Fed'n of Unions Loc. 102 Health & Welfare Fund*, 841 F.2d at 662. As the movants, Defendants must show no genuine dispute exists as to whether MetLife had discretionary authority to terminate Stout's long-term disability benefits under the LTD Plan such that Defendants are entitled to judgment as a matter of law on this issue. Defendants direct the Court to specific provisions in the LTD Plan that they purport provide MetLife with discretionary authority to terminate long-term disability benefits after a claimant has appealed the initial determination of their claim. The LTD Plan provides that "[i]f you become Disabled while Insured, Proof of Disability must be sent to [MetLife]. When We receive such Proof, We will review the claim. If We approve the claim, We will pay the Monthly Benefit."[20] Additionally, the plan states that "[t]o verify that You continue to be Disabled without interruption after Our initial approval, We may periodically request that You send Us Proof that You continue

[20] [Doc. 40-3, p. 32].

to be Disabled."[21] Defendants then direct the Court to a later provision that holds "Your Disability benefit payments will end on the earliest of: … the date You are no longer Disabled."[22]

Defendants argue that these provisions in conjunction indicate MetLife has discretionary authority to review and verify a claimant's disability after the appeal stage of the claims process. Claimants must submit proof of their disability to MetLife and MetLife must then verify the claimant continues to be disabled. Because long-term disability benefits under the LTD Plan terminate when a claimant is no longer disabled, Defendants argue that MetLife has discretionary authority to terminate a claimant's long-term disability benefits after finding they no longer have a disability. The LTD Plan does not specifically grant discretionary authority to any other entity in regard to verifying continuing disability or determining when benefits terminate after the appeal of an initial determination. The Court accordingly finds Defendants met their burden of showing no genuine dispute exists as to MetLife's authority to terminate long-term disability benefits after an appeal of MetLife's initial determination.

The burden thus shifts to Stout to demonstrate the existence of a genuine dispute of material fact. Stout chiefly relies on language in the STD Plan to argue that MetLife did not have discretionary authority to terminate his benefits. The STD Plan provides that "[d]etermination of whether an Eligible Employee incurred a Disability and complied with all conditions for receiving/continuing to receive benefits will be made by the Company in its sole discretion. The Company may consider the recommendation of its Third Party Administrator."[23] Stout argues that this language applies to the LTD Plan because the STD Plan states "[t]his benefit will be coordinated with worker's compensation and/or long-term disability where applicable."[24] He urges

[21] [Doc. 40-3, p. 32].
[22] [Doc. 40-3, p. 38].
[23] [Doc. 48-3, p. 3].
[24] [Doc. 48-3, p. 1].

the Court to find that MetLife acted only as a Third Party Administrator following the appeal of an initial determination and that, when it verified a claimant's disability, it could only make a recommendation to Smith regarding termination of benefits.

The Court does not find that Stout met his burden of demonstrating a genuine factual dispute as to this issue because Stout's reliance on the STD Plan is misplaced. The STD Plan does state that its benefits will be coordinated with long-term disability where applicable. However, a plain reading of this language indicates that the *benefits* will be coordinated. Such a provision does not warrant a finding that the plans and administration thereof should be coordinated. This reading is further supported by the fact that the plans contain different definitions and a different administration process. For example, the LTD Plan does not include a definition of a "Third Party Administrator" so to find that a STD Plan provision relating to such an entity applies to the administration of the LTD Plan is unwarranted. Further, nothing in the LTD Plan references the STD Plan in regard to administration. Nor does anything in the LTD Plan indicate that Smith has "sole discretion" in administering claims.

In sum, Stout has provided no plausible argument as to why the STD Plan provisions hold weight when interpreting the LTD Plan. Both plans are separate from each other. The only language relating to the claims administration process after the initial appeal vests MetLife, and no other entity, with the obligation to verify a claimant's disability. Because benefits terminate when a claimant is no longer disabled, MetLife's obligation carries with it concurrent discretionary authority to terminate a claimant's long-term disability benefits. Nothing in the plan provides that MetLife is limited to providing a recommendation to Smith or another entity. Because Stout has brought his claim under the LTD Plan and the STD Plan has no bearing on the administration of claims under the LTD Plan, the Court will not consider the STD Plan provisions.

Stout additionally argues that the LTD Plan placed express limitations on MetLife's discretionary authority. Specifically, he argues that, because the plan granted specific discretionary authority for the initial determination and the appeal of the initial determination, the lack of express discretionary authority in the verification process means that such authority did not exist. The Court does not agree the presence of these 'express provisions' demonstrates a genuine factual dispute as to this issue. This argument ignores that the LTD Plan vests MetLife with specific authority to verify a claimant's disability. This verification obligation is not limited temporally to before the appeal of an initial determination.

A plan does not need to invoke the phrase "discretionary authority" to so vest an authority with such authority. *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 637 (5th Cir. 1992) (stating that a finding of discretionary authority did not hinge on the use of words such as "'discretion' or any other 'magic word'"). Instead, courts should look to "the breadth of the administrators' power." *Id*. Because the plain language of the LTD Plan holds that benefits terminate when a claimant is no longer disabled and MetLife has specific authority to verify whether claimants do, in fact, remain disabled, MetLife has the discretionary authority to terminate a claimant's long-term disability benefits when the claimant cannot prove their continuing disability.

For the reasons set forth above, Defendants are entitled to summary judgment on this issue, and the Court holds MetLife had discretionary authority to terminate Stout's long term disability benefits. Accordingly, Defendants are entitled to a deferential standard of review when the Court reviews the denial of benefits at issue here. *See Firestone*, 489 U.S. 101 (providing for a more deferential standard of review where a benefits plan grants a fiduciary with discretionary authority). *See also High*, 459 F.3d at 576 (holding that "when … the language of the Plan grants

discretion to an administrator to interpret the Plan and determine eligibility for benefits, a Court will reverse an administrator's decision only for abuse of discretion").

**ii. Defendant's Motion for Summary Judgment**

Stout moves for the Court to grant him "summary judgment reinstating long term disability benefits to Charles Stout under the terms of the Smith LTD Plan, plus payment of all arrearages."[25] As discussed above, the basis for this motion is that MetLife did not have discretionary authority to terminate his benefits under the LTD Plan. Accordingly, the Court's ruling is limited to that issue alone and does not touch on the merits of Stout's claim to benefits.

Stout's cross-motion for summary judgment raises the same issues set forth above and makes the same arguments. As the movant for this cross-motion, Stout has the burden of establishing that no genuine factual dispute exists as to MetLife's lack of discretionary authority to terminate his long-term disability benefits such that he is entitled to judgment as a matter of law. If Stout meets this burden, the burden shifts to MetLife to show the existence of a genuine dispute for trial. Here, Stout has not met his burden of showing the lack of a genuine dispute as to whether MetLife had the discretionary authority to terminate Stout's long-term disability benefits.[26]

As discussed above, Stout's argument against MetLife's discretionary authority to terminate his benefits is two-fold. First, Stout argues that the STD Plan provides for Smith's sole discretion in determining whether to terminate or grant benefits and limits MetLife's role in such proceedings to that of a Third-Party Administrator. Stout further argues that this language in the STD Plan controls the administration of claims under the LTD Plan, meaning that MetLife would

---

[25] [Doc. No. 49, p. 3].

[26] The Court notes again that Stout does not appear to seriously contest MetLife is a fiduciary generally under the plan. Rather, his argument is that MetLife exhausted the discretionary authority granted to it under the plan. Further, for the same reasons expressed above, the LTD plan clearly vested MetLife with fiduciary functions such that no genuine dispute exists as to whether is a fiduciary under the plan generally.

not have had discretionary authority to terminate his long-term disability benefits. Second, Stout urges that the LTD Plan places express limitations on MetLife's authority by providing specific provisions for such powers. Namely, MetLife *only* has discretionary authority for the initial determination and appealing the initial determination.

First, as discussed above, Stout chiefly relies on language in the STD Plan to argue that Smith had sole discretion to determine a claimant's disability status after the appeal of an initial determination by MetLife. However, Stout's argument for applying the STD Plan language is the following provision: "[t]his benefit will be coordinated with worker's compensation and/or long-term disability where applicable."[27] This provision does not state that the plan itself will be coordinated with the LTD Plan nor does the LTD Plan reference the STD Plan in any form. Accordingly, then, a plain reading of both the LTD Plan and STD Plan indicates that the STD Plan provisions are *not* applicable to the administration of the LTD Plan, and such arguments relying on the STD plan are misplaced since Stout is bringing his claim under the LTD Plan.

Stout's remaining argument is that the LTD Plan placed express limitations on MetLife's discretionary authority and only allowed MetLife to make an initial determination and conduct the appeal of the initial determination. This argument would require the Court to ignore MetLife's obligation to verify that a claimant continues to be disabled. Stout argues that this obligation only gave MetLife authority to make a recommendation to Smith, but this argument relies on the STD Plan provisions placing MetLife in the role of a third-party administrator and vesting Smith with sole discretion. Because such provisions do not apply here, the Court finds that a plain reading of the LTD Plan indicates MetLife very well may have had authority under the LTD Plan to terminate Stout's long-term disability benefits. Accordingly, Stout cannot meet his initial burden of

[27] [Doc. 48-3, p. 1].

demonstrating a genuine lack of factual dispute as to this issue, and Stout is not entitled to summary judgment.

Because Stout has not met his burden of proof in showing that no genuine dispute exists as to MetLife's lack of discretionary authority to terminate his long-term disability benefits such that he is entitled to judgment as a matter of law, the Court orders that Stout's motion is **DENIED**.

**B. Declaratory Judgment Standard**

Stout also moved for declaratory judgment. Title 28 U.S.C. § 2201 provides that a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree." Stout specifically moves that the Court find that "METLIFE was without any legal right to terminate the Long-Term Disability benefits [under the LTD Plan]" because MetLife had already exhausted its discretionary authority under the terms of that plan.[28]

At the outset, the Court notes that this motion is the first time Stout has advanced this request for declaratory judgment. Stout previously requested a "declaratory judgment that the LTD benefits under the Plan shall be due and payable monthly in the amount of sixty percent of STOUT's PDE, which benefits should not be terminated by SMITH and/or METLIFE, until the expiration of STOUT's LTD benefits" (emphasis removed).[29] However, even assuming that this motion is an appropriate pleading for raising this declaratory judgment action, the Court finds that this motion should be **DENIED**.

"The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Federal courts have broad discretion to grant or refuse

[28] [Doc. No. 49, p. 3].
[29] [Doc. No. 1, ¶ 96].

declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "In analyzing whether to decide or dismiss the declaratory judgment suit, ... a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 26 (5th Cir. 1989)).

Other courts in this circuit have declined to exercise their discretion to decide a declaratory judgment action that was redundant "in light of the affirmative causes of action before the court." *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2017 WL 4573698 at *12 (N.D. Tex. Aug. 23, 2017), report and recommendation adopted, No. 3:16-CV-1554-N-BN, 2017 WL 4548313 (N.D. Tex. Oct. 12, 2017). Courts have determined that declaratory judgment actions are redundant where "resolution of the affirmative claims and counterclaims before the court would resolve all questions that the declaratory judgment action raises." *Id*.

The Court finds that Stout's action for declaratory judgment is redundant. In his complaint, Stout pled several causes of action related to the termination of his benefits under the LTD Plan.[30] Stout's first cause of action would specifically require this Court to determine whether MetLife had discretionary authority.[31] Accordingly, a declaratory judgment on that very issue is redundant, and the Court will not exercise its discretion to admit such an action.

A denial of this motion is further supported by the fact that no genuine dispute exists as to MetLife's discretionary authority to terminate Stout's long-term disability benefits. Because Stout could not meet his burden on the summary judgment standard, the Court finds he is not entitled to

[30] [Doc. No. 1].
[31] For the First Cause of Action, Stout argues that "METLIFE … exceeded their lawful authority under the express terms" (emphasis removed) of the LTD Plan. [Doc. No. 1, ¶ 77].

a declaratory judgment declaring the same issue conclusively in his favor. Therefore, even assuming *arguendo* that Stout's claim is not redundant, Stout's motion would still need to be denied. Accordingly, Stout's motion for declaratory judgment is **DENIED**.

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Metropolitan Life Insurance Company and Smith International, Inc.'s Motion for Partial Summary Judgment [Doc. No. 40] is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion for Summary and/or Declaratory Judgment by Charles Stout [Doc. No. 49] is **DENIED** in its entirety.

MONROE, LOUISIANA, this 18th day of October 2023.

Terry A. Doughty
United States District Judge